HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BVB EXPRESS, LLC, a Washington entity, <br><br> Plaintiff, <br><br> v. <br><br> STRAIGHT LOGISTICS, INC., an Illinois corporation <br><br> Defendant. | CASE NO. 2:24-cv-00848-RAJ <br><br> ORDER |

## I.     INTRODUCTION

THIS MATTER comes before the Court on Plaintiff BVB Express, LLC ("Plaintiff" or "BVB")'s Motion for Entry of Default Judgment. Dkt. # 9. Defendant Straight Logistics, Inc. ("Defendant" or "Straight Logistics") did not file a response opposing Plaintiff's Motion.

For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Entry of Default Judgment.

## II.     BACKGROUND

This case involves a contractual dispute between BVB, a freight broker based in Washington State, and Straight Logistics, an Illinois Corporation that operates as a motor carrier of property for hire. Dkt. # 1 at ¶¶ 1-2. All facts in this section are as alleged in Plaintiff's Complaint.

ORDER – 1

BVB and Straight Logistics executed a contract requiring the latter to procure insurance coverage that would apply to the instant claims and indemnify BVB for certain losses. *Id.* at ¶¶ 5-9. BVB engaged Straight Logistics to provide transportation services for 1,498 cases of Anheuser-Busch Beck's Pilsner beer (the "subject cargo"). *Id.* at ¶ 10. At the time the parties contracted with each other, Anheuser-Busch was a customer of BVB and the sole owner of the subject cargo. *Id.*

Pursuant to a bill of lading, Straight Logistics agreed to transport the subject cargo from Williamsburg, Virginia, to Villa Park, Illinois, the location of Anheuser-Busch's consignee. *Id.* at ¶ 11; Dkt. No. 1-1 at 2. The subject cargo suffered material damage while in Straight Logistics' possession to the extent that it could not be used for its intended purpose and had no measurable value upon reaching its destination. Dkt. No. 1 at ¶ 14. Because of the failed delivery, BVB became liable to Anheuser-Busch for the subject cargo's principal value, later determined to be $26,945.20. Dkt. No. 10-4 at 2. Additionally, BVB incurred a $602.80 disposal fee and a $1,182.00 load restacking fee in managing the subject cargo. Dkt. No. 1 at ¶ 20.

Following Straight Logistics' failure to indemnify, defend, and hold harmless BVB for the liability BVB incurred to Anheuser-Busch, BVB filed suit against Straight Logistics, asserting causes of action for (1) breach of contract and (2) liability under the Interstate Commerce Act, 49 U.S.C. § 14706. *Id.* at ¶¶ 21-27.

On July 30, 2024, BVB moved for a Clerk's entry of default, which the Clerk granted the following day. BVB now moves the Court to enter a default judgment against Straight Logistics in the amount of $28,402.00, plus accruing post-judgment interest at a rate of twelve percent (12%) per annum. Dkt. No. 9 at 4.

### III.  LEGAL STANDARD

The court's role in reviewing a motion for default judgment is not ministerial. It must accept all well-pleaded allegations of the complaint as fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir.

ORDER – 2

1987). Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must submit evidence supporting a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

## IV.  DISCUSSION

In its Motion, BVB avers that the Court should enter default judgment against Straight Logistics in the amount $28,402.00, which represents BVB's (1) monetary damages amounting to $28,120.80 and (2) prejudgment interest of $281.20. Additionally, BVB seeks post-judgment interest at a rate of twelve percent (12%) per annum. The Court will analyze each form of the relief sought.[1]

**A.   Monetary Damages**

The Court need not tarry when ruling on the merits of the monetary damages total sought by BVB. BVB satisfies the requirements prescribed by Federal Rule of Civil Procedure 55 by evidencing a claim "for a sum certain or a sum that can be made certain

---

[1] BVB makes a repeated computation error, but one that does not warrant a denial of the Motion. The figure in question is the sum of the value of the subject cargo. Exhibit 4 to the Declaration of Ion Osoianu, the CEO of BVB, shows this figure to be $26,945.20, but the Complaint and Mr. Osoianu's declaration list the value at $26,336.03. Further confounding matters is that on page 3 of BVB's Motion, it lists the sum of $26,945.20 (value of subject cargo) + $602.80 (disposal fee) + $1,182.00 (load restacking fee) as $28,120.80. This is incorrect. The sum, using the three numbers provided in this footnote, is $28,730.00. It appears BVB was using the $26,336.03 figure instead of the $26,945.20 figure, which is the value of the subject cargo, when making this calculation. The Court admonishes BVB for its failure to compute simple arithmetic and providing two different figures to the Court. Because Exhibit 4 to Mr. Osoianu's Declaration clearly shows a verified payment of $26,945.20, the actual value of the subject cargo, the Court will use this figure in its computations.

ORDER – 3

by computation." Fed. R. Civ. P. 55(b).

The sum certain of $28,730.00 represents the sum of (1) the $26,945.20 value of the subject cargo, (2) the $602.80 disposal fee, and (3) the $1,182.00 load restacking fee referenced, *supra*. Through its providing numerous exhibits supporting each of these individual amounts, BVB has shown the court that monetary damages amounting to $28,730.00 are warranted in this case. Dkt. ## 10-4 at 2, 10-5 at 2, and 10-6 at 2-3.

**B.     Prejudgment Interest**

BVB next seeks prejudgment interest using the Washington statutory rate of twelve percent (12%) per annum.

A court has broad discretion in determining whether to award prejudgment interest. *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013). "State law generally governs awards of prejudgment interest in diversity actions, but federal law may apply to the calculation of prejudgment interest when a substantive claim derives from federal law *alone*." *Oak Harbor Freight Lines, Inc. v. Sears Roebuck & Co.*, 513 F.3d 949, 961 (9th Cir. 2008) (emphasis added).

Although the docket indicates the court has federal question jurisdiction pursuant to the case being brought under the Interstate Commerce Act, the underlying claim is for breach of contract. Indeed, the crux of this case hinges on the contract between BVB and Straight Logistics, the provision of which Straight Logistics allegedly violated. Accordingly, the Court, in its inherent discretion, will apply Washington law in determining prejudgment judgment. *See In re Rodriguez*, 568 B.R. 328, 347 (Bankr, S.D. Cal. 2017) (applying the California prejudgment interest rate despite the case being brought under 11 U.S.C. § 523).

The statutory rate of prejudgment interest in Washington is twelve percent per annum. RCW 19.52.010(1). Prejudgment accrues from the date of the default or breach at issue. *See Prier v. Refrigeration Eng'g Co.*, 74 Wn. 2d 25, 34 (1968). Here, BVB correctly states that the damages amount is readily determinable by references to the

ORDER – 4

invoices. When applying the twelve percent per annum prejudgment interest rate to the monetary damages amount of $28,730, the total is $287.30.[2] Because another month has elapsed from the filing of the Motion, an additional month of prejudgment interest should be added to the total, resulting in a final prejudgment interest amount of $574.60.[3]

### C.   Post-Judgment Interest

Federal statutory authority provides for post-judgment interest calculated by the law of the state in which the district court is held, to be calculated from the date of the entry of the judgment. *See* 28 U.S.C. § 1961. Post-judgment interest will accrue in this matter at a rate of twelve percent per annum until Straight Logistics satisfies the judgment

### V.   CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Entry of Default Judgment. Dkt. # 20. Accordingly, the Court rules that a default judgment against Straight Logistics, LLC in the amount of $29,304.60, plus accruing post-judgment interest at a rate of twelve percent (12%) per annum is appropriate. The Clerk shall enter default judgment in accordance with this order.

Dated this 1st day of October, 2024.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

---

[2] Twelve percent of $28,730.00 is $3,447.60. The monthly prejudgment interest rate is thus $287.30, and one month elapsed between BVB serving Straight Logistics with process and BVB's filing the instant Motion.

[3] $287.30, the monthly prejudgment interest total, is multiplied by two, computing to $574.60.

ORDER – 5